I'm going to turn now to an argued case on our motion calendar, and that is Lawsky v. Barron, Maria T. Hulot et al. v. Stephen Barron. Five minutes each side. So I see we only have... Okay. Go on. Good morning. My name is Mark Powers. I'm a law firm with Bayford Hosteller. We represent the receiver in this case of Condor Capital Corporation. This is the third time we've appealed before this court on this case. This is a motion to dismiss the consolidated appeals as being on a constitutionally new ground. Because the sale has taken place. Because the sale has taken place, Your Honor, in late February of this year, almost six months ago. And the only relief that, the only relief petitioner is seeking is undoing the sale? There are two consolidated appeals. The first one was for an injunction, preliminary injunction, which this court has held anew in several cases. But once the sale has occurred, you can't grant a relief for that appeal. Because it's been denied if it's considered litigant. And the second appeal relates to substantive confirmation of the sale by Chief Judge McMahon. There, too, the only relief sought was equitable relief to have the court enjoin the sale in that instance. In opposition papers raised by Mr. Barron, he asserted for the first time that one now may seek monetary relief by bringing some sort of lawsuits for those kind of damages. But this court has also held in the Lobas case that an attempt to breathe life into a mortibond dispute by asserting new types of relief mid-litigation will not unmove an appeal. So we think that both pieces of the consolidated appeal on a constitutional mootness basis have been satisfied. Did I correctly understand your papers to acknowledge that there is no obstacle to the appellant filing a new lawsuit in the form of a damages action? You're correct, Judge Lynch. Although he suggests it's an anti-suit injunction, all he has to do is obtain leave of court to be able to proceed in those instances. Why does he need leave of court? I thought that the order regarding his filing of suits had to do with the sale itself going forward or not, rather than any damages claim he might have to file after. Well, it is what Judge McMahon fashioned. And there are two parts of the order. Well, one part was clearly an injunction to prevent him from bringing any further actions relating to stopping the sale itself. In that respect, Your Honor, you are correct. The court also did, however, allow the claim, Mr. Barron, if you so choose, with leave of court to bring claims for damages. As a matter of fact, no claims of damages have been sought here. Well, but wouldn't that keep this case alive, then, to the extent that there is an injunction? He doesn't have to have damages in this case. If there is an injunction against him that requires him, as opposed to any other person in the United States, to get leave of court before filing a damages action, isn't that something that he could contend is improper, that he should have the right to file a damages action? That wouldn't require him to have sought damages here in this case. He would be questioning an aspect of the injunction against him. Well, but that's actually not – that's really not – as it relates to the second appeal, that's a remote aspect of that affirmation of the sale, Your Honor. And this Court has held that where there's only a remote aspect of an opportunity for this Court to grant some sort of effective relief to the prevailing party, that doesn't – that should not apply. But separate and apart from this, you have the separate argument of equitable mootness. In this case, Your Honor, we have already had almost, as Judge Poole noted – Excuse me. Before you go into equitable mootness, though, it's the case that equitable mootness in general has not been applied in a receivership context as opposed to a bankruptcy context, right? That's actually not the law. Is that wrong? That's not actually correct. Maybe in this circuit the Court has not so held, but actually I believe both in the – we cite the cases in our brief, certainly one by Judge Posner in the Seventh Circuit in one case. So I meant in our circuit, though. We have not applied the doctrine of equitable mootness in the receivership context. Is that correct? The Second Circuit hasn't, but I believe the district – there has been district court authority that we've cited to in the Southern District that, in fact, the courts have considered it in a bankruptcy context. That is fair, Your Honor. Okay? But the same idea that Judge Posner had indicated and other circuits have indicated as to why you would apply it in a receivership context applies. Receivership is an equitable type of fashionable remedy that courts provide, mostly in the SEC context. This is a case, ultimately, as you know, brought by another state regulatory body, just like – similar to the SEC, where they did, in fact, go into federal court for receivership, just like the SEC does. And those several cases, Your Honor, that we do cite to from other jurisdictions do say, specifically, we find no reason why this shouldn't apply in context other than just bankruptcy because it's still an equitable form of relief. Thank you. Your time has expired. We'll hear from the appellant. I'm Judith Bale here for the Acting Superintendent. Unless the court has any questions, we'll rest on our letter and the briefs, but I just want it to be available in case there were questions. Let me just ask you a quick question. I'm sure it's somewhere in the papers, but what was the statutory authority for the appointment of the receiver? It was through the Dodd-Frank Act, which allows the DFS to come in. It's through the remedies in Dodd-Frank and the court's inherent authority to appoint a receiver. So the state has the authority to request, under Dodd-Frank, the appointment of a receiver? There is very broad equitable authority of the court to implement various equitable remedies, including receivership. So it's just kind of a general authority to implement equity. I can find the precise statute for this and send a letter if you like, but it was through the Dodd-Frank Act and the court's inherent authority to appoint a receivership and to do equitable remedies. Okay. Thank you. Thank you. Good morning. Paul Niehaus on behalf of Stephen Barron. Let us be clear why we're here. The sole purpose of this motion is to prevent this court from ever reviewing a multimillion-dollar transaction. It's not an argument about ripeness. It's an argument that this court should never even consider. That's great rhetoric. Let's talk about the actual issue in the case, which is whether this is moot or not. Part one, your first appeal is an appeal from a denial of a preliminary injunction. Has not that caravan long since moved on? That caravan has moved on. So that part is moot. That part is moot. There are some cases, but let's not go there. So now what we're really talking about is the order confirming the sale and imposing a certain kind of injunction, right? That's two parts to the same order, Your Honor. Okay. So tell us what is live now that the sale has been confirmed, consummated, done. What is it that we could do at this point? You can do two things, Your Honor. Number one, you can vacate the underlying non-suit injunction, okay? As I believe you pointed out, the fact that one can go back to a court and essentially ask for re-argument doesn't mean that the underlying order itself isn't wrong. That underlying order was improperly entered, and it should be vacated. Mr. Barron should not have to go to a court, either now or in the future, to ask permission to file a lawsuit. And the lawsuit that you're contemplating is a suit for damages. It would be a suit for damages. Is that not really all that remains? Is there something else that I'm mistaking in this? Not at all, Your Honor. That's the only thing you're asking us to do now? Whatever was originally you appealed the preliminary injunction, if life had moved faster or whatever, if you'd gotten a stay, that could have been a whole big case. But that's moved. The confirmation order is sort of past that, but what you want to do is to file an action for damages, and there is an injunction that requires permission for you to do that. And as to that, you want to argue to a panel of this court on the merits that that was improper. I want to argue that, and I also want to argue that this court can still fashion relief on the transaction that has occurred. What kind of relief? Precision, Your Honor. This transaction can be unwound, and it can be unwound relatively easily. From the very beginning of negotiations of this transaction, the purchaser was definitely aware, acutely aware, that this matter was involved in litigation. It made sure to obtain indemnification clauses. It made sure to obtain a litigation holdback. It's not a party to these actions, is it? It's not a party to this action, Your Honor, but it was the party who demanded that the receiver obtain this court order in the first place. The third-party purchaser was so concerned about litigation and the possibility that this transaction would be unwound that it asked the receiver to go to court to bless this transaction. Afterwards, it still has indemnification provisions and a $2 million litigation holdback. It knew what it was getting into, and every dime can be accounted for here. Would it need to be a party, though, to the action in order to accomplish an unwinding? First of all, it can be named as a relief defendant in this matter. I don't think that's a problem at all. Second of all, this court can remove the stamp of approval provided by the district court for this transaction. Hasn't the value of the portfolio been affected by the passage of time? Absolutely it has. In fact, the value of the portfolio is such that as of today, the purchaser has already earned back its entire purchase price. The portfolio has generated incredible amounts of cash since June 1st, which is the relevant cutoff date in this period. That money was sent to the purchaser along with the underlying loans, their auto loans, Your Honor. It's very simple to say, you know what, the district court should not have approved this. The district court should not have approved the transfer of tens of millions of dollars to the purchaser. And what about the licensure, the 20% of the portfolio being subject to the licenses in Maryland and Pennsylvania? First of all, I contest whether or not it would be impossible for the receiver, who is still in charge of Condor at this point, to reobtain those licenses. Second of all, that's not the standard. The standard here is not restoring the absolute status quo. The standard here is affording any effectual relief whatsoever. But isn't the effectual relief damages? If something was done that was wrongful, what happened that's bad is your client lost money unjustifiably, and money can make it up to him. Money can make it up to him. The problem we have, Your Honor, is that the money would have to come from a new lawsuit. This court already has jurisdiction over the instant action. But there's no demand in the instant action for money. There's no demand in the instant action for money. And the equitable relief would be precluded if there is a remedy for damages available. So I just don't see what is alive here other than to say that you can sue for damages. And I'm not trying to prejudge the merits, but it seems to me if you are right that there was something wrongful done here, then the remedy would be to relieve you of an injunction that requires some special permission to file a lawsuit for damages. And God bless you. Go file a lawsuit for damages, which is not what has been going on before. What was going on before was an effort to stop the sale. That's done. That's the case, Your Honor. That requires a hearing on the merits of this appeal. If there is a factual relief. Yeah, that would be. But it would be with respect to a rather limited piece of things. Again, we believe the motion should be denied not only with respect to that but with respect to the other relief. Relief can still be afforded by this court. It can order that the approval order, the sale order be rescinded, that it be vacated. It can order that restitution be provided. That's where the pool of money is. The receiver doesn't have a pool of money that it's sitting on other than the assets of Condor itself.  Ignore the pool of money, $90 million that has been generated for the purchaser. It got away with it. It got lucky. Go after the receiver. And if he's judgment-proof, you're out of luck. That's neither equitable, not appropriate, shouldn't be permitted by this court. Thank you, Your Honors. Thank you. Was there a decision? This is a motion. We'll try to decide it relatively quickly.